PITTSBURG & ST. L. R. R. CO. V. MILLIKIN ET AL.

1. BILL MUST APPEAR TO CONTAIN ALL THE EVIDENCE.

In order to justify a reviewing court in reversing a judgment on the ground that the verdict is against the weight of the evidence, all of the evidence must be, or appear to be, in the bill of exceptions.

2. BILL WHICH PRECLUDES THAT IDEA INSUFFICIENT.

Where the bill of exceptions does not, in the opening, recite that it contains all the evidence offered on the trial, but expressly excludes that idea, by reciting that plaintiff offered evidence which tended to show certain matters which, on the pleadings, plaintiff was required to show, in order to recover, and then recites that "thereupon, upon the question of damages, plaintiff offered the following witnesses, who testified as follows," setting out the evidence on the question of damages only, and concluding with "the foregoing was all the testimony offered by either party and received upon the trial of said cause," is not sufficient.

ERROR to the Court of Common Pleas of Butler county.

SMITH, J.

The error assigned in this case is that the court erred in overruling the motion for a new trial. The ground for a new trial alleged in the motion was that the assessment of the amount of recovery was too small. That is, that the finding of the court was against the weight of the evidence.

It is objected that the bill of exceptions taken in the case on the overruling of the motion for a new trial, does not properly present this question for the consideration or the court, and, we think, this claim is well founded.

By the pleadings certain issues were made, and the burden was on the railroad company to establish the allegations made in its petition, to entitle it to recover anything in the case. The bill of exceptions does not, in the opening thereof, recite that it contains all the evidence offered on the trial. Indeed, it expressly excludes that idea, for it recites that the plaintiff offered evidence tending to show certain matters which, on the pleadings, it was bound to show, to entitle it to recover, and then says: "And thereupon, upon the question of damages, the plaintiff offered the following witnesses who testified as follows," setting out the evidence offered both by plaintiff and defendants, on the question of damages only. But the bill then states that "the foregoing was all the testimony offered by either party; and received upon the trial of said cause."

As has been said, the bill itself shows that much other testimony was, in fact, received. If there was no other than that set out in the bill, the motion for a new trial was properly overruled, for the plaintiff had not made the proof which the law required of it, to entitle it to any recovery. If there was other evidence than that set out in the bill, it is clear, that to justify the reviewing court in reversing a judgment on the ground that the verdict was against the evidence, all of the evidence must be, or appear to be, in the bill of exceptions.

We may say, however, that, having looked over the evidence as to the amount of damages, we are of the opinion that the finding of the trial court on this point is not so manifestly against the evidence as would have required us to reverse the judgment on that ground.

The judgment will be affirmed.